[No. 31244. Department One. February 21, 1950.]

PAUL ZUCKER et al., Appellants, v. G. N. NADREAU et al., Respondents.[1]

*Gordon McGauvran* and *Everett O. Butts,* for appellants.

*Rummens, Griffin & Short,* for respondents.

BEALS, J.—Plaintiffs herein, Paul and Ruth Zucker, husband and wife, instituted this action November 19, 1948, against Jules V. and G. M. Nadreau, husband and wife, alleging that, August 11, 1948, the parties entered into a written agreement whereby the defendants agreed to pay certain indebtedness (in the payment of which plaintiffs were financially interested) itemized in the contract, aggre-

[1]Reported in 214 P. (2d) 652.

gating $12,662.29, in addition to making payments to plaintiffs as provided for by the agreement.

Plaintiffs alleged that the defendants had failed to carry out their agreement, and prayed that the defendants be required to forthwith perform the same, according to its terms, or that, in the alternative, plaintiffs have judgment against the defendants.

The defendants answered with denials, and, after plaintiffs had furnished a bill of particulars demanded by defendants, the action came on regularly to be heard before the court.

From the evidence introduced, it appeared without dispute that the parties had entered into the written agreement above referred to, whereby the defendants agreed to pay plaintiffs a considerable sum of money and, in addition, agreed to pay enumerated outstanding bills due for labor or material furnished in connection with the construction of an apartment building at 121 Sixteenth avenue north, Seattle. The items due on open accounts aggregated over thirty-two hundred dollars, and the sums due subcontractors totaled approximately seventy-one hundred dollars, in addition to which over twenty-three hundred dollars were due to an architect.

While by their answer defendants denied the execution of the contract referred to in the complaint, it was apparently admitted on the trial that the contract had been executed by the parties, the defendants claiming, however, that, at the time of the trial, plaintiffs were not entitled to recover any judgment or be accorded any equitable relief.

At the close of plaintiffs' case, the defendants moved for a dismissal, and, after argument, the trial court granted the motion and entered findings of fact stating that the parties had entered into the agreement (a copy of which was introduced in evidence) referred to in plaintiffs' complaint; that "the defendants have substantially complied with all the terms of said contract"; and that the plaintiffs had not been damaged or prejudiced in any way by any acts of the defendants.

The trial court entered a conclusion of law to the effect that plaintiffs' action should be dismissed with prejudice, and that certain writs of attachment and garnishment, which had been issued, should be dismissed.

The trial court then denied plaintiffs' motion for a new trial and entered judgment in accordance with the findings of fact and conclusions of law, dismissing plaintiffs' action with prejudice, from which judgment plaintiffs have appealed.

Appellants assign error upon the entry of the judgment dismissing the action, and upon the denial of their motion for a new trial. They also assign error upon the making of a finding of fact and the conclusion of law.

On the trial, the contract of August 11, 1948, was identified and introduced in evidence by appellants. By the terms of this agreement, respondents agreed "to pay the following outstanding bills which are now due and owing against the apartment building at 121 - 16th Avenue North, Seattle, Washington." The accounts were then listed, the name of each creditor and the amount due him being shown, and the balance of $2,324.29 due the architect also being mentioned. The agreement does not fix any time within which these accounts should be paid, although the time for payment of the sum due appellant Paul Zucker is fixed. It appears that the agreement was prepared by appellants' counsel.

. At the opening of the trial, May 3, 1949, appellants called respondent Geraldine M. Nadreau as an adverse witness and questioned her at length concerning the then status of the accounts which respondents, by the contract above referred to, had agreed to pay. The witness testified that most of the accounts had been liquidated, but her testimony was frequently indefinite, as she stated that her bookkeeper was away and that she had not been able to procure the books of account. Appellants, however, did not request a continuance, but proceeded with the trial.

Testifying as witnesses on their own behalf, appellants stated that some of their creditors, whose accounts respond-

ents had agreed to pay, had telephoned appellants, from time to time, asking that their accounts be settled.

One creditor, who had an account in the sum of over eleven hundred dollars which respondents had agreed to pay, was called as a witness by appellants, and testified that, after some delay, his account had been paid in full.

Appellants also called an attorney who had represented another creditor in an endeavor to collect one of the accounts, which, apparently, had been paid after considerable delay. Whether or not the account had been paid in full, does not clearly appear from the record.

In any event, the evidence disclosed that, at the time of the trial, very considerable payments had been made by respondents on the accounts referred to in the complaint.

At the close of the evidence, the court delivered its oral opinion, stating, *inter alia,* that the agreement between the parties was a contract of indemnity. In this, the trial court was in error, in so far as the bills due third parties were concerned, as respondents agreed to pay these accounts to the respective creditors. The contract did contain an indemnity provision in connection with other matters. The court also stated that the evidence failed to show that appellants had been threatened with any loss of property or security. The court further stated its opinion that the respondents were, in good faith, taking care of the bills.

Pursuant to the court's direction, findings of fact were prepared, and signed by the trial court, including a finding to the effect that the respondents had substantially complied with all the terms of the contract, and that appellants had not been damaged or prejudiced by any act of the respondents. The court then signed the judgment dismissing the action with prejudice, and awarding costs to the respondents.

During the trial, incidental reference was made to another pending action between the same parties. The testimony is often confused and difficult to follow.

By the contract which appellants introduced in evidence, respondents agreed to pay the bills listed therein,

but no time was fixed for such payment. It would seem that, if any creditor, whose account was included in the list, instituted suit against appellants, respondents in this proceeding might be called upon to appear and defend; but, in so far as the evidence discloses, respondents were paying the accounts which they had agreed to pay, and it does not appear that any creditor had brought suit against appellants.

There is nothing in the record which would have justified the trial court in adjudging that respondents be required to immediately perform their contract with appellants, or that, in the alternative, appellants be granted judgment against respondents for any sum, or that respondents be required to post security.

Appellants argue that it is "reasonable to assume that the reason respondents did not bring their books of account was that such books would have shown payments were not made at all until" after the institution of this action.

As above stated, appellants took no steps to require production of respondents' books of accounts, which, it would seem, might have been accomplished without great delay, if appellants had deemed the books important.

Appellants also argue that, if a contract does not specify a time for performance, it would be implied that the contract would be performed within a reasonable time.

When the action was called for trial, the evidence showed that respondents had paid the greater proportion of the accounts which they had agreed to pay. The trial court correctly held that, upon the evidence before it, appellants were entitled to no relief, either legal or equitable, and that the action should be dismissed.

■ However, the trial court erred in dismissing the action with prejudice. Under all the circumstances, the most that respondents were entitled to was a dismissal of the action without prejudice.

The judgment appealed from will be modified by changing the words "with prejudice" to read "without prejudice." The cause is remanded to the superior court, with instruc-

tions to modify the judgment in this particular. As modified, the judgment is affirmed.

Neither party will recover costs in this court.

SIMPSON, C. J., SCHWELLENBACH, GRADY, and DONWORTH, JJ., concur.